UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE MC-6.

    Plaintiffs,

v.

THE UNIVERSITY OF MICHIGAN, et al.,

    Defendants.

Case No. 20-cv-10593
Hon. Matthew F. Leitman

_____/

# ORDER DECLINING EXERCISE OF SUPPLEMENTAL JURISDICTION OVER STATE CLAIMS PURSUANT TO 28 U.S.C. § 1367(c) AND DISMISSING WITHOUT PREJUDICE CLAIMS V – XVIII

Plaintiff has filed an 18-Count, 66-page, 315-paragraph Complaint against the University of Michigan and the Regents of the University of Michigan. (*See* Compl., ECF No. 1.) Counts I through IV allege violations of:

    Count I.    Title IX, 20 U.S.C. § 1681(A), *et seq*.

    Count II.    Civil Rights Under 42 U.S.C. § 1983 – State Created Danger

    Count III.    Civil Rights Under 42 U.S.C. § 1983 – Right to Bodily Integrity

    Count IV.    Failure to Train and Supervise Under 42 U.S.C. § 1983.

In total, this comprises approximately 10 pages of Plaintiffs' Complaint.

The Complaint also includes 14 state-law counts comprising approximately 19 pages. The state-law claims allege the following violations:

    Count V:    Elliott-Larsen Act, M.C.L. § 37.2201 *et seq.* (Sex Discrimination)

    Count VI:    Article 1, § 17 Substantive Due Process – Bodily Integrity

    Count VII:    Article 1, § 17 Substantive Due Process – State Created Danger

    Count VIII:    Gross Negligence

    Count IX:    Negligence

    Count X:    Vicarious Liability

    Count XI:    Express/Implied Agency

    Count XII:    Negligent Supervision

    Count XIII:    Negligent Failure to Warn or Protect

    Count XIV:    Negligent Failure to Train or Educate

    Count XV:    Negligent Retention

    Count XVI:    Intentional Infliction of Emotional Distress

    Count XVII:    Negligent Infliction of Emotional Distress

    Count XVIII:    Fraud and Misrepresentation

Title 28 U.S.C. § 1367 authorizes federal courts to exercise supplemental jurisdiction over state-law claims. The Court has the discretion to decline to exercise supplemental jurisdiction if:

    (1)    the claim raises a novel or complex issue of state

law,

    (2)    the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

    (3)    the district court has dismissed all claims over which it has original jurisdiction, or

    (4)    in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). *See also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726-27 (1966) (explaining that supplemental jurisdiction may be denied if "it appears that the state issues subsequently predominate," or "if the likelihood of jury confusion" would be strong without separation of the claims).

Under 28 U.S.C. § 1367(c)(2), where "the state law issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." *Gibbs*, 383 U.S. at 726-27. *See also Brown v. Scaglione*, 2020 WL 674291, at *2 (E.D. Mich. Feb. 11, 2020) (declining to exercise supplemental jurisdiction over state claims because those claims "raise problems, including the need to introduce evidence inapplicable to the evidence relevant to the federal claims, the presence of disparate legal theories on both claims and defenses, and the need to create expanded and contradictory jury instructions"). In addition, the Court may decline supplemental jurisdiction under 28 U.S.C. §

1367(c)(4) where exceptional and compelling circumstances are present.

The Court exercises its discretion not to hear Plaintiff's state-law claims under 28 U.S.C. §(c)(2) and (c)(4). Simply put, Plaintiff's numerous state-law claims would predominate over his relatively small number of federal claims. In addition, there is a compelling reason for the Court to decline jurisdiction because any advantages to be gained by trying all the claims together here are outweighed by the potential for confusion about the issues, legal theories, defenses, and possible relief.

Accordingly, pursuant to 28 U.S.C. §§ 1367(c)(2) and (4), the Court declines to exercise supplemental jurisdiction over Plaintiff's state claims. Claims V-XVIII of Plaintiff's Complaint are therefore **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: March 17, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 17, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764